UNITED STATES DISTRICT COURT　　　　　　ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK

---

KELVIN P. HENRY,

                        Plaintiff,

      - versus -

BRIAN SHARKEY AND MAC PRODUCTS,

                      Defendants.

MEMORANDUM
AND ORDER
14-CV-7329 (JG)

A P P E A R A N C E S:

    KRENTSEL & GUZMAN LLP
        17 Battery Place, Suite #604
        New York, NY 10004
    By:    Ross Raggio
        *Attorneys for Plaintiff*

    DOWNING & PECK, P.C.
        17 Battery Place, Suite #709
        New York, NY 10004
    By:    Christian J. Kubic
        *Attorneys for Defendants*

JOHN GLEESON, United States District Judge:

BACKGROUND

On May 2, 2014, Plaintiff Kelvin P. Henry filed a complaint in New York Supreme Court, Kings County, against defendants Brian Sharkey and Mac Products. Herbert Aff. (ECF No. 6) ¶ 2, Ex. 1 (Complaint). Henry alleges that on March 3, 2014, he was injured in a motor vehicle accident by another vehicle driven by Sharkey, who was an employee of Mac Products. *See* Compl. ¶¶ 6-25. The accident occurred near 141st Street and Union Turnpike in Queens, New York. *Id.* ¶ 21. On December 17, 2014, defendants removed the case to this Court on the ground of diversity of citizenship. *See* Notice of Removal (ECF No. 1). In their notice of

removal, the defendants state that Henry is a resident of New York, both Sharkey and Mac Products are residents and citizens of New Jersey, and the amount in controversy exceeds $150,000. *Id.*

Henry now moves to remand the case back to state court pursuant to 28 U.S.C. § 1447(c). Henry argues that the defendants' notice of removal was untimely under 28 U.S.C. § 1446(b)(1) because defendants did not remove the action within 30 days after they received a copy of the summons and complaint. The defendants argue their removal was timely under 28 U.S.C. § 1446(b)(3) because their notice was filed within 30 days of receiving Henry's note of issue, which indicated that the amount in controversy was $10 million. *See* Kubic Aff. (ECF No. 7) at 3, Ex. H (Note of Issue).

For the reasons set forth below, the motion is denied.

## DISCUSSION

A.  *Legal Standards*

A defendant may remove to federal district court any civil action brought in a state court of which the district court has original jurisdiction. 28 U.S.C. § 1441(a). The notice of removal must be filed within 30 days after the defendant receives a copy of the initial pleading, 28 U.S.C. § 1446(b)(1), or, "if the case stated by the initial pleading is not removable," the notice must be filed within 30 days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

After a case has been removed, a plaintiff may make a motion to remand it back to state court. If a motion to remand is made "on the basis of any defect other than lack of subject matter jurisdiction," it must be filed within 30 days after the filing of the notice of

removal. 28 U.S.C. § 1447(c). When opposing a motion to remand, it is the removing party's burden to show that it has met the requirements for removal. *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). Additionally, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citations and internal quotation marks omitted).

B.  *The Motion to Remand*

Henry argues that the defendants' notice of removal was untimely pursuant to 28 U.S.C. § 1446(b)(1) because it was not filed within 30 days of their receipt of Henry's complaint. Indeed, the defendants were served with Henry's complaint no later than May 28, 2014. Herbert Aff. ¶ 3, Ex. 2 (Affidavit of Service). They did not file their notice of removal until December 17, 2014—over six months after being served with the complaint. *See id*. ¶¶ 5-6, Ex. 5.

The defendants contend that they did not know the case was removable based solely on the summons and complaint. They point out that pursuant to New York C.P.L.R. § 3017(c), they had to request a supplemental demand to learn the amount of damages Henry claimed.[1] The request for a supplemental demand was made on May 20, 2014. Kubic Aff. at 2, Ex. A. Though Henry was required by C.P.L.R. § 3017(c) to respond within 15 days, he did not respond. The defendants made four further requests for a supplemental demand, but again they did not receive a response. *See id*., Exs. B-E. When the parties appeared for a preliminary

---

[1] C.P.L.R. § 3017(c) provides that "[i]n an action to recover damages for personal injuries . . . the complaint . . . shall not state the amount of damages to which the pleader deems himself entitled." It further provides that a "a party against whom an action to recover damages for personal injuries . . . is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." *Id.*

3

conference in Kings County Supreme Court on October 2, 2014, Justice Bernadette Bayne ordered Henry to provide the defendants with the demand within 30 days. Kubic Aff. at 2, Ex. F. Henry did not respond to Justice Bayne's order, and he did not respond to the defendants' further written request on December 12, 2014. *Id*. at 3, Ex. G.

The defendants only learned of the amount in controversy on December 15, 2014, when they received Henry's note of issue, which stated that his demand is $10 million. *Id.*, Ex. H (Note of Issue). The defendants filed their notice of removal only two days later, on December 17, 2014. *See id*. at 3.

The Second Circuit has made it clear that "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co*., 624 F.3d 34, 38 (2d Cir. 2010) (citation omitted). A statement in the complaint prescribed by C.P.L.R. § 3017(c) that the damage "exceeds the jurisdiction of the lower Courts" is insufficient. *See Noguera v. Bedard*, No. 11-CV-4893 (RRM) (ALC), 2011 WL 5117598, at *1 (E.D.N.Y. Oct. 26, 2011) (discussing *Moltner*). In this case, the complaint did not specify the amount of damages sought in compliance with C.P.L.R. § 3017(c). Following New York and Second Circuit law, the defendants made a request of Henry for a supplemental demand of damages. *See* Kubic Aff., Ex. A. Henry may not avoid removal because of his failure to comply with the defendants' request under C.P.L.R. § 3017(c)—and he may not avoid removal by his failure to comply with Justice Bayne's order. As he makes no other arguments in support of his motion to remand,[2] Henry's motion is denied in all respects.

---

[2] Henry's complaint alleges that Sharkey is a resident of New York (Compl. ¶ 2), but plaintiffs do not argue this as a basis for remand.

CONCLUSION

For the reasons set forth above, Henry's motion to remand is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: February 24, 2015
       Brooklyn, New York